CATHERINE Y. LUI (SBN 239648)
clui@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

*Attorneys for Third-Party Defendant
eGym, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NEXTPULSE LLC, a Delaware Limited Liability Corporation, successor to NETPULSE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRUNSWICK CORPORATION, a Delaware Corporation, and DOES 1-25, inclusive,<br><br>Defendant.<br><hr>AND RELATED CROSS-ACTIONS | Case No. 4:22-cv-04071-HSG<br><br>**EGYM, INC'S LOCAL RULE 79-5(c)(1) STATEMENT OF REASONS FOR KEEPING ECF NO. 81-4 UNDER SEAL**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr. |

1  Pursuant to Civil Local Rules 7-11 and 79-5 and the Amended Protective Order entered
2  by the Superior Court on April 28, 2022, in this action prior to removal, eGym, Inc. hereby
3  requests an order that Exhibit 6 to Brunswick Corporation's Fourth Administrative Motion to File
4  Under Seal (ECF No. 81-4) be maintained under seal.[1]  In support of this request, eGym submits
5  this statement and a proposed order.

6  Exhibit 6 is a copy of an eGym report that is marked confidential on its face and was
7  designated confidential under the protective order entered by the Superior Court before this case
8  was removed.  ECF No. 81-1 (Charbonnier Decl.) ¶ 3.  The exhibit was submitted in support of
9  Brunswick Corporation's Motion to Compel Unredacted Lenet Documents (ECF No. 82), which
10 is now moot because the Court remanded the case to state court.  *See* ECF No. 83 (Order
11 Granting Remand) at 11 (terminating pending discovery letter briefs as "moot").  Accordingly,
12 Exhibit 6 was never considered and never will be considered by the Court.

13 "[D]iscovery is largely 'conducted in private as a matter of modern practice,' so the public
14 is not presumed to have a right of access to it."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809
15 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984));
16 *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)
17 (recognizing that for a "*sealed discovery document* attached to a *non-dispositive* motion … the
18 usual presumption of the public's right of access is rebutted." (emphasis original, alterations and
19 quotation omitted)).  Further, the public interest in access to court records is founded upon the
20 public's need to understand the workings of the judiciary.  *Kamakana*, 447 F. 3d at 1179. ("[T]he
21 Court must conscientiously balance the competing interests of the public policies favoring
22 disclosure such as the public interest in understanding the judicial process." (quotation marks and
23 original alterations omitted)).  The public interest in disclosure of documents attached to
24 discovery motions is completely eliminated when the Court does not consider such documents
25 because, for example, an objection is sustained or the motion is terminated as moot.  *See e.g.*,

---

[1] Exhibit 2 to the same motion, ECF No. 81-3, contains a redacted copy of an eGym internal report.  The eGym document was redacted by the producing party and eGym does not take a position as to whether the exhibit as produced should be maintained under seal.  ECF No. 81-1 (Charbonnier Decl.) ¶ 2.

*ASUS Computer Int'l v. Round Rock Rsch., LLC*, No. 12-CV-02099-JST, 2013 WL 5545276, at *3 (N.D. Cal. Oct. 8, 2013) (terminating motions to seal as moot because the "Court did not consider or rely upon the documents or information" attached to the motions); *see also Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *10 (N.D. Cal. June 30, 2015) (granting request to seal exhibit that was marked confidential because it was not considered due to a sustained objection to its admission).

    Here, Exhibit 6 was a confidential discovery document attached to a non-dispositive discovery motion. The motion became moot when the case was remanded to state court. There is no public interest in access to a document that was never considered by the Court, as access cannot shed light on the workings of the judiciary or serve any other cognizable public interest. There is no basis to rebut the normal presumption that there is no public access to confidential discovery documents. Accordingly, eGym requests that the Court maintain Exhibit 6 under seal.

Dated: February 15, 2022

Respectfully submitted,

CATHERINE Y. LUI
NATHAN SHAFFER
Orrick, Herrington & Sutcliffe LLP

By:     */s/ Nathan Shaffer*
NATHAN SHAFFER
Attorneys for Third-Party Defendant
eGym, Inc.