UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTPULSE, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BRUNSWICK CORPORATION,<br><br>    Defendant. | Case No. 22-cv-04071-HSG<br><br>**ORDER DENYING DEFENDANT BRUNSWICK CORPORATION'S THIRD ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 63 |

Pending before the Court is Brunswick Corporation's ("Defendant's") third administrative motion to consider whether another party's materials should be sealed. Dkt. No. 63. While this motion remains on the Court's docket, the Court notes that the case was remanded to California state court in early 2023. For the reasons detailed below, the Court **DENIES** the motion **WITHOUT PREJUDICE**, but gives the parties options as to how to proceed.

I.  **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in

understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

Defendant filed an administrative motion to consider whether another party's materials

should be sealed.  *See* Dkt. No. 63.  This request relates to a document Defendant describes as a Cooperation Agreement from May 4, 2018 that it filed concurrently with its Opposition to Defendant eGym's Motion to Dismiss Brunswick's Fourth Amended Cross-Complaint.  *See* Dkt. No. 63–3.  In its motion, Defendant notes that Plaintiff Nextpulse, LLC previously designated this document as confidential.  *See id.* at 1.  However, Plaintiff did not comply with Civil Local Rule 79-5(f)(3), because it did not file a declaration within seven days of the motion explaining the need for keeping the document under seal.  *See* Civ. L.R. 79-5(f)(3); *see also* Civ. L.R. 79-5(c)(1).  The Court finds that sealing this document is therefore unwarranted under a straightforward application of the Local Rules.  On the other hand, because the case has been remanded and this issue is not likely on Nextpulse's radar, the Court will give Nextpulse an opportunity to file the required declaration to justify continued sealing of the document on the federal docket, or to submit a joint request together with Brunswick to withdraw the document.

### III. CONCLUSION

The Court **DENIES** the administrative motion, Dkt. No. 63, **WITHOUT PREDJUCE.**  But within seven (7) days of this order, Nextpulse may file a declaration justifying the continued sealing of the document.  *See* Civil L.R. 79-5(f)(3).  In the alternative, the parties may within seven days submit a joint request for withdrawal of the document. Civil L.R. 79-5(g)(2).  If neither of these things happens, the parties will be required to file a public version of the document.

**IT IS SO ORDERED.**

Dated:   9/22/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge